**CT Corporation**

**Service of Process Transmittal**
09/26/2018
CT Log Number 534126406

**TO:** Kim Lundy Service of Process, Legal Support Supervisor
Walmart Inc.
702 SW 8th St, MS#0215
Bentonville, AR 72716-6209

**RE:** **Process Served in Georgia**

**FOR:** Walmart Inc.  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Spears Misty, Pltf. vs. Walmart Inc., Dft. |
| **DOCUMENT(S) SERVED:** | Entry(s), Summons, Complaint, First Request(s), First Interrogatories |
| **COURT/AGENCY:** | Camden County Superior Court, NJ<br>Case # SUCV2018000585 |
| **NATURE OF ACTION:** | Personal Injury - Slip/Trip and Fall - 09/03/2017 - 6586 Georgia Highway 40, Saint Marys, Camden, Georgia 31558 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Lawrenceville, GA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 09/26/2018 at 12:10 |
| **JURISDICTION SERVED :** | Georgia |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service, exclusive of the day of service |
| **ATTORNEY(S) / SENDER(S):** | Bradley Robinson<br>Farah & Farah, P.A.<br>10 West Adams Street<br>Suite 605<br>Jacksonville, FL 32202 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 09/26/2018, Expected Purge Date: 10/01/2018<br><br>Image SOP<br><br>Email Notification,  Kim Lundy Service of Process  ctlawsuits@walmartlegal.com |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 289 S Culver St.<br>Lawrenceville, GA 30046-4805 |
| **TELEPHONE:** | 214-932-3601 |

Page 1 of  1 / PS

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

24786

# SHERIFF'S ENTRY OF SERVICE

| | | |
|---|---|---|
| Civil Action No. **SUCV2018000585** | Superior Court ☒ | Magistrate Court ☐ |
| | State Court ☐ | Probate Court ☐ |
| Date Filed **07/24/18 04:12 PM** | Juvenile Court ☐ | |

Georgia, **CAMDEN** . COUNTY

Attorney's Address **Bradley Robinson**
**FARAH & FARAH, P.A.**
**10 West Adams Street**
**Suite 605**
**Jacksonville, Florida 32202**

Spears, Misty

Plaintiff

VS.

Walmart Inc.

Name and Address of Party to be Served.
Walmart Inc. c/o Registered Agent, C T Corporation System

Defendant

289 S Culver Street

Lawrenceville, Georgia 30046-4805

Garnishee

## SHERIFF'S ENTRY OF SERVICE

**PERSONAL**
☐ I have this day served the defendant_____ personally with a copy
of the within action and summons.

**NOTORIOUS**
☐ I have this day served the defendant_____ by leaving a
copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of_____ described as follows:
age, about _____ years; weight_____ pounds; height, about _____ feet and _____ inches, domiciled at the residence of
defendant.

**CORPORATION**
☐ Served the defendant _____ a corporation
by leaving a copy of the within action and summons with _____
in charge of the office and place of doing business of said Corporation in the County.

**TACK & MAIL**
☐ I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of the same in the United States Mail, first class in an envelope property address to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST**
☐ Diligent search made and defendant_____
not to be found in the jurisdiction of this court.

This _____day of _____, 20_____               _____
                                                                              Deputy

# SUPERIOR COURT OF CAMDEN COUNTY
## STATE OF GEORGIA

**EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
CAMDEN COUNTY, GEORGIA
## SUCV2018000585

**JUL 24, 2018 04:12 PM**

Joy Turner, Clerk
Camden County, Georgia

CIVIL ACTION NUMBER  SUCV2018000585

Spears, Misty

**PLAINTIFF**

**VS.**

Walmart Inc.

**DEFENDANT**

### SUMMONS

TO THE ABOVE NAMED DEFENDANT:

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **Bradley Robinson**
> **FARAH & FARAH, P.A.**
> **10 West Adams Street**
> **Suite 605**
> **Jacksonville, Florida 32202**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 24th day of July, 2018.**

Clerk of Superior Court

Joy Turner, Clerk
Camden County, Georgia

**EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
CAMDEN COUNTY, GEORGIA

**SUCV2018000585**

**JUL 24, 2018 04:12 PM**

Joy Turner, Clerk
Camden County, Georgia

IN THE SUPERIOR COURT OF CAMDEN COUNTY
STATE OF GEORGIA

MISTY SPEARS,                    §
                                 §
        Plaintiff,               §
                                 §
v.                               §   Civil Action No.:
                                 §
WALMART INC.,                    §
                                 §
        Defendant.

## COMPLAINT FOR DAMAGES

COMES NOW the Plaintiff, MISTY SPEARS, and for her complaint for damages against Defendant WALMART INC., (hereinafter "Defendant"), shows the Court as follows:

## PARTIES AND JURISDICTION

1.

Plaintiff, MISTY SPEARS (hereinafter "Plaintiff"), voluntarily submits herself to the jurisdiction of this Court.

2.

Defendant is a foreign profit corporation organized under the laws of the state of Delaware, with a principal address of 702 SW 8th Street, Bentonville, Arizona, 72716. Defendant is subject to the jurisdiction of this Court and may be served with Summons, Complaint and Discovery in this matter by delivering a copy of same to their registered agent, C T Corporation System at 289 S Culver Street, Lawrenceville, Georgia 30046-4805.

3.

Because the cause of action giving rise to this Complaint occurred in Camden County, Georgia, and by virtue of the facts alleged herein, jurisdiction and venue are proper in this Court.

## BACKGROUND

### 4.

On September 3, 2017, Plaintiff was a business invitee of Defendant's store located at 6586 Georgia Highway 40, Saint Marys, Camden, Georgia 31558.

### 5.

While walking down an aisle in the infant department of that Walmart, Plaintiff slipped in an unknown clear substance, causing her to lose her balance and fall to the ground.

### 6.

At the time of Plaintiff's fall, there were no cones or other warnings in the area where Plaintiff was caused to fall.

### 7.

As a direct result of Plaintiff's fall and impact with the ground of that Walmart, Plaintiff suffered traumatic and permanent psychological and physical injuries, including but not limited to injuries to her neck, back and lower extremities; all of which caused Plaintiff to immediately suffer physical pain and discomfort.

### 8.

At all times relevant to this Complaint, Defendant had exclusive ownership, possession and control over that Walmart.

### 9.

At all times relevant to this Complaint, Plaintiff exercised due care for her own safety, and was not provided notice of any dangerous, hazardous and/or defective conditions.

### 10.

As a result of this fall, Plaintiff suffered physical, mental and emotional injuries.

[8722077/1]                                2

## Count 1
## Premises Liability

### 11.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 10 above as if fully restated.

### 12.

Plaintiff was an invitee at the Walmart at the time of the fall.

### 13.

Defendant owed Plaintiff a non-delegable duty of reasonable care and keeping the Walmart safe for invitees like Plaintiff.

### 14.

Defendant was negligent in failing to properly inspect the area where Plaintiff's fall occurred, in failing to inspect and/or maintain its floors and walking surfaces, and in failing to keep the Walmart safe for invitees.

### 15.

Defendant's negligence was the sole proximate cause of Plaintiff's injuries.

## Count 2
## Vicarious Liability

### 16.

Plaintiff realleges and incorporates herein the allegations of paragraphs 1 through 15 above as a fully restated.

### 17.

At all times relevant to this Complaint, the individuals responsible for inspecting, cleaning and maintaining the area where Plaintiff fell were employed by Defendant and were acting within the course and scope of their employment.

[8056836/1]                                                              3

18.

Defendant is responsible for the conduct of said individuals and/or employees under the doctrine of respondeat superior, agency or apparent agency.

## Count 3
## Negligent Training and Supervision

19.

Plaintiff realleges and incorporates herein the allegations of paragraphs 1 through 18 as if fully restated.

20.

Defendant was negligent in failing to adopt appropriate policies and procedures to make sure that appropriate inspections, cleaning and maintenance were performed at the Wamart and in failing to train its employees concerning safety procedures for inspecting, cleaning and maintaining the Walmart.

21.

Defendant was negligent in training and supervising its staff.

22.

As a result of Defendant's negligence in training and supervising its staff, Plaintiff was injured at the Walmart.

## Count 4
## Damages

23.

Plaintiff realleges and incorporate herein the allegations contained in paragraphs 1 through 22 above as if fully restated.

24.

As a direct result of Defendant's negligence and/or recklessness, Plaintiff suffered traumatic and permanent psychological and physical injuries, including but not limited to injuries to her neck, back and lower extremities, and has also incurred reasonable medical expenses necessary to treat those injuries, in amounts which will be proven at the time of trial, as well as sustaining severe physical and emotional pain and suffering. All of Plaintiff's damages will continue into the future, to the extent said injuries are permanent.

25.

In addition to the foregoing damages, Plaintiff avers that as a direct and proximate result of the aforementioned acts of negligence and/or recklessness of Defendant, she was caused to suffer and incur the following injuries and damages for which she seeks to recover:

(a)     Personal injuries;

(b)     Pain and suffering;

(c)     Disability;

(d)     Disfigurement;

(e)     Mental anguish;

(f)     Loss of the capacity for the enjoyment of life;

(g)     Impaired ability to labor;

(h)     Loss of earning capacity;

(i)     Loss of earnings;

(j)     Travel expenses for seeking medical treatment;

(k)     Other related incidental expenses;

(l)     Permanent injuries;

(m)     Past, present and future medical expenses.

WHEREFORE, having fully set forth her claims for damages against the Defendant, and based upon the pleadings herein, Plaintiff respectfully prays and requests that this Court:

a)   Empanel a jury to hear her cause and determine all contested issues of fact;

b)   Award Plaintiff the full value of past and future medical expenses and past and future lost wages in an amount to be proven at trial;

c)   Award Plaintiff recovery for mental and physical pain and suffering and emotional distress in an amount to be determined by the enlightened conscience of the jury; and

d)   Award Plaintiff, MISTY SPEARS, such other legal and equitable relief as the Court deems just and proper.

Dated this _____ day of July, 2018.

FARAH & FARAH, P.A.

BRADLEY S. ROBINSON
Georgia Bar No. 769787
ATTORNEY FOR PLAINTIFF

7 E Congress Street, Suite 605
Savannah, GA 31401
brobinson@farahandfarah.com
j.williams@farahandfarah.com

**EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
CAMDEN COUNTY, GEORGIA

**SUCV2018000585**

**JUL 24, 2018 04:12 PM**

Joy Turner, Clerk
Camden County, Georgia

IN THE SUPERIOR COURT OF CAMDEN COUNTY
STATE OF GEORGIA

MISTY SPEARS,           §
                            §

    Plaintiff,        §
                            §
v.                  §   Civil Action No.:
                            §
WALMART INC.,        §
                            §

    Defendant.

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND INTERROGATORIES TO WALMART INC.

COMES NOW, Plaintiff in the above-styled action, and pursuant to O.C.G.A. §§§ 9-11-33, 9-11-34, 9-11-36 hereby requests that **Walmart Inc.** (hereinafter referred to as "Defendant Walmart") answer this Request for Production and Interrogatories in the above styled action. Compliance with this request for production and interrogatories may be made by mailing copies of the requested items to Farah & Farah, P.A., 7 East Congress Street, Suite 605, Savannah, Georgia 31401. These requests are deemed to be continuing in nature and supplemental responses shall be required as set forth in O.C.G.A. § 9-11-26(e).

### DEFINITIONS OF TERMS USED HEREIN

For the purpose of this Request to Produce Documents and Interrogatories, the following terms shall have the following meanings:

    a) "You" or "Your" shall mean **Defendant Walmart**, and each of its present or former agents, employees, and representatives, and each person who, with respect to the subject matter of the category of the Request, is or was acting on its behalf or under its direction or control.

b) The terms "relate to" or "relating to" shall mean constituting, referring to, stating, describing, recording, embodying, memorializing, mentioning, studying, analyzing, discussing, commenting on, specifying, listing, summarizing, reviewing, or identifying.

c) The term "communication" shall mean the transfer of any information, whether written, oral, or by any other means.

d) The term "person" shall mean and include a natural person or persons, a group of natural persons acting as individuals, or a group of natural persons acting in a collegial capacity (e.g., as a committee, board of directors, etc.) an association, corporation, partnership, federal, state, or local agency, and any other entity, unless otherwise limited herein.

e) The term "documents" shall mean all hand written, printed, typed, recorded, or graphic matter of every type and description, however, and by whomever prepared, produced, reproduced, disseminated, or made, in any form which is or was in Defendant Walmart's, actual or constructive possession, custody, or control, including, but not limited to, all records, files, writings, letters, minutes, correspondence, mailgrams, telegrams, bulletins, instructions, resolutions, charts, literature, work assignments, reports memoranda, notations of telephone or personal conversations or conferences, transcripts, contracts, agreements, canceled checks, interoffice communications, logs, notes, notebooks, ledgers, cards, drafts, microfilm, circulars, pamphlets, studies, notices, summaries, reports, books, invoices, graphs, diagrams, photographs, data sheets, data compilations, computer data sheets, computer data

compilations, work sheets, statistics, speeches, and other writings, tapes, sound records, and data compilations, from which information can be obtained or can be translated through detection devices into reasonably visible form, or any other tangible thing. The terms "documents and materials" shall also mean each copy which is not identical to the original, and all drafts and notes (whether typed, handwritten, or otherwise) made or prepared in connection with such documents and materials, whether used or not.

f) The term "subject matter of the actions" shall mean all the acts, omissions, representations, occurrences, and conditions alleged in this action.

g) "Premises in Question" or "Subject Property" shall be the Walmart located at 6586 Georgia Highway 40, Saint Marys, Camden County, Georgia 31558.

h) "Accident" or "Event" or "Incident" or "Occurrence" shall mean Plaintiff's slip and fall which occurred on or about September 3, 2017, at the Walmart located at 6586 Georgia Highway 40, Saint Marys, Camden County, Georgia 31558.

## INSTRUCTIONS

1. No category specified herein is intended to, nor shall, supersede, exclude, or restrict the scope of any other category.

2. To the extent that any documents are furnished by Defendant in connection with any category, they may be omitted by said Defendant when responding to any subsequent category.

3. If the Defendant claims privilege or attorney work product protection for any document, or response, said Defendant is hereby requested to identify

3

each document or response and state the specific basis for the claim of privilege or work product protection, providing the following information:

a) the subject matter of the document or response;
b) the title, heading, or caption of the document, if any;
c) the identifying number(s), letter(s), or combination thereof, if any, and the significance or meaning of such number(s), letter(s), or combination thereof;
d) the date appearing on the document, or if no date appears thereon, the date or approximate date on which the document was prepared;
e) the general nature or description of the document (whether it is a letter, memorandum, minutes of a meeting, etc.) and the number of pages of which it consists.

4. In producing the documents and materials requested herein, Defendant may omit unmarked copies of the pleadings filed in this action.

5. In producing the documents and materials requested herein, Defendant is requested to produce such documents and materials as they are kept in the usual course of business or organized and labeled to correspond with the document category to which they are responsive.

6. In producing the documents and materials requested herein, Defendant is required to produce documents and materials located at his home, offices, storage units or other facilities.

7. All requests are continuing in nature.


## I. DOCUMENTS AND MATERIALS TO BE PRODUCED

1.

Please produce a complete copy of any and all insurance policies, including liability, "umbrella" or "excess" insurance, which may be liable to indemnify, reimburse or satisfy all or any part of a judgment against Defendant Walmart.

4

2.

Produce true, accurate and complete copies of all written and/or transcribed statements relating to the subject incident, specifically including, but not limited to, any statements taken from the Plaintiff or anyone acting on her behalf.

3.

Produce true, accurate and complete copies of any and all statements -- whether oral, written, recorded, transcribed, summarized, or otherwise memorialized -- of any witness (including yourself) or other individual purporting to have knowledge of any issue in this case.

## EXPERTS

4.

Produce true, accurate and complete copies of any report(s) of each and every individual you expect to call at the trial of this matter to offer opinion or expert testimony in any way related to the subject incident or to any issue in this matter.

5.

Produce true, accurate and complete copies of any and all correspondence to and from each and every individual you expect to call to trial to offer opinion or expert testimony in any way related to the subject incident or to any issue in this matter.

6.

Produce true, accurate and complete copies of the complete file -- including all materials reviewed, considered, inspected, authored, generated, or created in any way -- of each individual you expect to call at the trial of this matter to offer opinion or expert testimony in any way related to the subject incident or to any issue in this matter.

5

7

Produce any treatises or authoritative literature on which any expert intends to rely in his testimony in this case.

## SUBJECT INCIDENT

8.

Produce a true, accurate and complete copy of the investigative file in its entirety, by whatever name called, for the subject incident.

9.

Produce true, accurate and complete copies of any and all memoranda, reports, or other documents relating to the subject incident prepared by you or on your behalf.

10.

Produce true, accurate and complete copies of any and all files or documents maintained by you relative to Plaintiff.

11.

Produce any and all photographs, video/video surveillance or digital recordings that Defendant has of the scene of accident or the resulting injuries to the Plaintiff.

12.

Produce copies of any and all statements previously made by Plaintiff concerning the subject matter of this lawsuit, including any written statement signed or otherwise adopted or approved by the Plaintiff hereto and any stenographic, mechanical, electrical, or other type of recording or any transcription thereof made by Plaintiff hereto and contemporaneously recorded.

6

13.

Produce a copy of any and all employee handbooks, rules, guidelines memoranda, correspondence or information regarding the overall safety, maintenance, inspection and cleaning of the Subject Property.

14.

Produce all premises inspection reports, photographs or other documents relating to observation of subject premises by any person or entity, including Defendants, for the thirty (30) days prior to September 3, 2017 and the thirty (30) days after.

15.

Produce any and all books, documents, photographs, or other tangible things which may be used at the time of trial, which may have a bearing on this cause of action.

16.

Produce any and all documents or tangible things whose production has not been requested pursuant to any other item of this request which you intent to offer into evidence at the trial of this case.

17.

Produce all documents which reflect or relate to any inspection, sweeping, cleaning, mopping or maintenance of the area where Plaintiff's fall occurred on September 3, 2017.

18.

Produce a copy of any incident report pertaining to any injury sustained from January 1, 2015 through the present at the Subject Property, as a result of tripping, slipping or falling.

7

## II. FIRST INTERROGATORIES

Pursuant to O.C.G.A. § 9-11-33(a), you are requested to answer each interrogatory separately and fully in writing under oath, unless object to, in which event the reasons for objection must be stated in lieu of an answer. Your answer is requested within thirty (45) days from the date of service pursuant to O.C.G.A. § 9-11-33(a)(2).

**1.**

Do you contend that venue is improper in this Court, jurisdiction is lacking over you in this Court, or that service of process has been deficient on you in this matter? If so, please describe and state with specificity all factual and legal bases supporting any such contention(s).

**2.**

Other than your response to Interrogatory 1, do you contend that there are any factual or legal bases upon which this matter should be dismissed as a matter of law? If so, please identify any such contentions and describe and state with specificity all factual and legal bases supporting any such contention(s).

**3.**

State with particularity each and every fact that supports each affirmative defense raised in Defendant's responsive pleadings, regardless of whether such defense(s) is/are legal, equitable, factual, negative, or affirmative, specifically including, but not limited to, any claims of contributory negligence on the part of Plaintiff.

**4.**

Describe in detail how you contend the subject incident occurred and how you contend Plaintiff suffered her injuries.

**5.**

If Defendant contends that Plaintiff's injuries were caused in whole or in part by a third party, provide the following information as to each such third party: (a) name and address for service of process; and (b) every fact on which you base your contention.

**6.**

Identify any and all expert witnesses you expect to call at the trial of this matter (as defined above), providing for each such expert the subject matter on which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify, and a summary of the grounds for each opinion.

**7.**

Are you aware of any person who has or claims to have information concerning the accident or injury which forms the subject matter of this action?  If so, state: (a) the name and last known address of each person and your means of ascertaining his/her present whereabouts; (b) the occupation and employer of each such person and the subject and substance of the information each person claims to have; and (c) whether each such person has given a written or recorded statement.

**8.**

For each of your employees physically present at the time and place of the incident, please state: (a) his or her name, address and telephone number; (b) job title as of date of incident; (c) whether she or he was on duty at the time of the incident; (d) the job or function she or he was performing at the time of the incident; and (e) whether she or he is presently employed with the Defendant.

Please identify each person(s) who compiled the information contained in your responses to Plaintiff's interrogatories and requests for production in this matter.

Dated this _____ day of July, 2018.

FARAH & FARAH, P.A.

BRADLEY SCOTT ROBINSON
Georgia Bar No. 769787
ATTORNEY FOR PLAINTIFF

7 E Congress Street, Suite 605
Savannah, GA 31401
brobinson@farahandfarah.com
j.williams@farahandfarah.com

**EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
CAMDEN COUNTY, GEORGIA

**SUCV2018000585**

**OCT 24, 2018 03:36 PM**

Joy Turner, Clerk
Camden County, Georgia

IN THE SUPERIOR COURT OF CAMDEN COUNTY
STATE OF GEORGIA

MISTY SPEARS,                )
                             )
    Plaintiff,               )
                             )
v.                           )     CIVIL ACTION
                             )     FILE NO. SUCV2018000585
WAL-MART, INC.,              )
                             )
    Defendant.               )
                             )
_____)

## ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT

COMES NOW, Defendant Wal-Mart, Inc. ("Defendant"), and files this Answer and Defenses to Plaintiff's Complaint and shows the Court as follows:

### First Defense

Defendant state that Wal-Mart Inc. (incorrectly identified as "Wal-Mart, Inc" by Plaintiff) is an improper defendant in this case. This Defendant was not involved in the day-to-day operation of the Walmart store at issue, and was not involved in the underlying incident. While Defendant denies liability, Defendant states that Wal-Mart Stores East, LP was the entity involved in the day-to-day operation of the Walmart store at issue. Defendant requests that Plaintiff voluntarily dismiss Wal-Mart Inc.

### Second Defense

Pending additional investigation and discovery, Plaintiff's Complaint, taken as a whole, may fail to state a claim against Defendant upon which relief may be granted.

### Third Defense

Pending additional investigation and discovery, Defendant affirmatively preserves any and all defenses based on the doctrine of laches and/or the applicable statute of limitations.

### Fourth Defense

Pending additional investigation and discovery, Defendant states that Plaintiff's alleged injuries and damages were caused or contributed to by Plaintiff's actions.

### Fifth Defense

Pending additional investigation and discovery, Defendant states that Plaintiff's alleged injuries and damages were caused or contributed to by an unknown party's (or parties') actions.

### Sixth Defense

Defendant breached no duty owed to Plaintiff.

### Seventh Defense

Plaintiff may not recover against Defendant because no act or omission of Defendant was the legal cause or the proximate precipitating cause of Plaintiff's alleged injuries and damages.

### Eighth Defense

Pending further investigation and discovery, Defendant asserts the defenses of contributory and comparative negligence.

### Ninth Defense

Defendant denies that Defendant or Defendant's agents or employees were negligent in any way in connection with the incident which is the subject of this litigation.

### Tenth Defense

Defendant asserts that Plaintiff had equal or superior knowledge of the alleged hazard.

### Eleventh Defense

Defendant denies any and all allegations regarding negligent inspection and failure to warn.

### Twelfth Defense

Plaintiff is not entitled to any special damages to the extent that Plaintiff has failed to specifically plead them in accordance with O.C.G.A. § 9-11-9(g).

### Thirteenth Defense

Plaintiff is not entitled to attorney's fees, expenses, post-judgment interest or pre-judgment interest under the facts of this case.  Further, Defendant preserves all rights against Plaintiff to the extent these claims are asserted without any justifiable basis in fact or law.

### Fourteenth Defense

Pending further investigation and discovery, Defendant reserves the right to assert all affirmative defenses available under the Georgia Civil Practice Act.

### Fifteenth Defense

In answer to the specific allegations of Plaintiff's Complaint, Defendant shows the Court as follows:

1.

Defendant does not have sufficient information at this time to admit or deny the allegations contained within Paragraph 1 of Plaintiff's Complaint, and places Plaintiff on strict proof of same.

2.

Denied as pled.

3.

Admitted as pled.

## BACKGROUND

4.

Defendant does not have sufficient information at this time to admit or deny the allegations contained within Paragraph 4 of Plaintiff's Complaint, and places Plaintiff on strict proof of same.

5.

Defendant does not have sufficient information at this time to admit or deny the allegations contained within Paragraph 5 of Plaintiff's Complaint, and places Plaintiff on strict proof of same. Defendant denies any allegation or implication of negligence, breach of duty, or liability.

6.

Upon information and belief, admitted.  Defendant states that it had no notice of any need for any "cones or other warnings" in the area.

7.

Defendant does not have sufficient information at this time to admit or deny the allegations contained within Paragraph 7 of Plaintiff's Complaint, and places Plaintiff on strict proof of same. Defendant denies any allegation or implication of negligence, breach of duty, or liability.

8.

Denied as pled.

9.

Denied as pled.

10.

Defendant does not have sufficient information at this time to admit or deny the allegations contained within Paragraph 10 of Plaintiff's Complaint, and places Plaintiff on strict proof of same. Defendant denies any allegation or implication of negligence, breach of duty, or liability.

## Count 1

## Premises Liability

11.

Defendant restates the information provided in Paragraphs 1 through 10 herein.

12.

Defendant does not have sufficient information at this time to admit or deny the allegations contained within Paragraph 12 of Plaintiff's Complaint, and places Plaintiff on strict proof of same.

13.

Defendant states that any and all duties are established as a matter of Georgia law. Defendant denies any allegation or implication of negligence, breach of duty, or liability.

14.

Denied.

15.

Denied.

## Count 2

### Vicarious Liability

16.

Defendant restates the information provided in Paragraphs 1 through 15 herein.

17.

Defendant admits that the store associates were generally responsible for the "inspecting, cleaning, and maintaining" of the store at issue at the time of Plaintiff's accident.  Defendant denies any remaining allegations in this Paragraph.

18.

Denied as pled.

## Count 3

### Negligent Training and Supervision

19.

Defendant restates the information provided in Paragraphs 1 through 18 herein.

20.

Denied.

21.

Denied.

22.

Denied.

<u>**Count 4**</u>

<u>**Damages**</u>

23.

Defendant restates the information provided in Paragraphs 1 through 22 herein.

24.

Denied.

25.

Denied.

26.

Defendant denies all allegations contained within Plaintiff's "prayer for relief", which appears immediately after the 25th paragraph of Plaintiff's Complaint.

27.

Defendant denies all other allegations of the Complaint which have not been specifically responded to in the previous paragraphs.

**DEFENDANT HEREBY DEMANDS TRIAL BY JURY OF TWELVE REGARDING ANY ISSUES NOT SUBJECT TO SUMMARY ADJUDICATION.**

Having fully answered, Defendant prays that it be discharged with all costs cast against Plaintiff.

Respectfully submitted, this 24th day of October, 2018.

                              **DREW, ECKL & FARNHAM, LLP**

777 Gloucester St., Ste. 305
Brunswick, GA 31520
(912) 280-9662
jward@deflaw.com
wthomas@deflaw.com

                              Jeffrey S. Ward
                              Georgia Bar No. 737277
                              M. Waite Thomas
                              Georgia Bar No. 617667
                              *Attorneys for Defendant*

IN THE SUPERIOR COURT OF CAMDEN COUNTY
STATE OF GEORGIA

MISTY SPEARS,                              )
                                          )
    Plaintiff,                        )
                                          )
v.                                        )     CIVIL ACTION
                                          )     FILE NO. SUCV2018000585
WAL-MART, INC.,                           )
                                          )
    Defendant.                        )
                                          )

## CERTIFICATE OF SERVICE

This is to certify that I have this day forwarded, via United States Mail, postage prepaid,

a true and correct copy of the foregoing *Answer and Defenses to Plaintiff's Complaint* to the

following counsel of record, addressed as follows:

Bradley S. Robinson
Farah & Farah, P.A.
7 East Congress Street, Suite 605
Savannah, Georgia  31401

This 24th day of October, 2018.

DREW, ECKL & FARNHAM, LLP

M. Waite Thomas
Georgia Bar No. 617667
*Attorney for Defendant*

777 Gloucester Street
Suite 305
Brunswick, GA  31520
(912) 280-9662

**EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
CAMDEN COUNTY, GEORGIA

**SUCV2018000585**

**DEC 11, 2018 10:19 AM**

Joy Turner, Clerk
Camden County, Georgia

IN THE SUPERIOR COURT OF CAMDEN COUNTY
STATE OF GEORGIA

MISTY SPEARS,                           )
                                        )
    Plaintiff,                          )
                                        )
v.                                      )   CIVIL ACTION
                                        )   FILE NO. SUCV2018000585
WAL-MART, INC.,                         )
                                        )
    Defendant.                          )
                                        )
_____ )

## CONSENT CONFIDENTIALITY ORDER

To expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, adequately protect material entitled to be kept confidential, and ensure that protection is afforded only to material so entitled, it is, pursuant to the Court's authority under O.C.G.A. § 9-11-26(c) and by consent of the parties, ORDERED as follows:

1.    **Non-disclosure of Stamped Confidential Documents**. Except with the prior written consent of the party or other person originally designating a document to be stamped as a confidential document, or as hereinafter provided under this Order, no stamped confidential document may be disclosed to any person.  A "stamped Confidential Document" means any document which bears the legend (or which shall otherwise have had the legend recorded upon it in a way that brings it to the attention of a reasonable examiner) "Confidential" to signify that it contains information believed to be subject to protection under O.C.G.A. § 9-11-26(c).  For purposes of this Order, the term "document" means all written, recorded, or graphic material, whether produced pursuant to O.C.G.A. § 9-11-34, subpoena, by agreement, or otherwise. Interrogatory answers, responses to

requests for admission, deposition transcripts and exhibits, pleadings, motions, affidavits, and briefs that quote, summarize, or contain materials entitled to protection may be accorded status as a stamped confidential document, but, to the extent feasible, shall be prepared in such a manner that the confidential information is bound separately from that not entitled to protection.

2.   **Permissible Disclosure**. Notwithstanding Paragraph 1, stamped confidential documents may be disclosed to counsel for the parties in this action who are actively engaged in the conduct of litigation involving Wal-Mart Stores, Inc., Wal-Mart, Inc. and/or Wal-Mart Stores East, LP; to the partners, associates, secretaries, paralegal assistants, and employees of    such counsel to the extent reasonably necessary to render professional service in such litigation; to persons with prior knowledge of the documents or the confidential information contained therein, and their agents; and to court officials involved in such litigation (including court reporters, persons operating video recording equipment at depositions, and any special master appointed by the Court). Subject to the provisions of subparagraph (c), such documents may also be disclosed:

A.   to any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper; and

B.   to persons noticed for depositions or designated as trial witnesses to the extent reasonably necessary in preparing to testify; to outside consultants or experts retained for the purpose of assisting counsel in the litigation; to employees of parties involved solely in one or more aspects of organizing, filing, coding, converting, storing, or retrieving data or designing

programs for handling data connected with this action, including the performance of such duties in relation to a computerized litigation support system; and to employees of third-party contractors performing one or more of these functions; provided, however, that in all such cases the individual to whom disclosure is to be made has signed a form, with a copy of such form to be provided to counsel for Defendant prior to production of the confidential documents or information, containing:

    (1)    a recital that the signatory has read and understands this Order;

    (2)    a recital that the signatory understands that unauthorized disclosures of the stamped confidential documents constitute contempt of Court, unless such disclosures are determined by the Court to be inadvertent or otherwise unintentional; and,

    (3)    a statement that the signatory consents to the exercise of personal jurisdiction by this Court.

C.    Before disclosing a stamped confidential document to any person listed in subparagraph (a) and (b) who is a competitor (or an employee of a competitor) of the party that so designated the document, the party wishing to make such disclosure shall give at least ten (10) days' advance notice in writing to the counsel who designated such information as confidential, stating the names and addresses of the person(s) to whom the disclosure will be made, identifying with particularity the documents to be

disclosed, and stating the purposes of such disclosure. If, within the ten-day period, a motion is filed objecting to the proposed disclosure, disclosure is not permissible until the Court has denied such motion. The Court will deny the motion unless the objecting party shows good cause why the proposed disclosure should not be permitted.

3.      **Declassification**. A party (or aggrieved entity permitted by the Court to intervene for such purpose) may apply to the Court for a ruling that a document (or category of documents) stamped as confidential is not entitled to such status and protection. The party or other person that designated the document as confidential shall be given notice of the application and an opportunity to respond. To maintain confidential status, the proponent of confidentiality must show good cause for the document to have such protection.

4.      **Confidential Information in Depositions.**

A.      A deponent may during the deposition be shown and examined about stamped confidential documents if the deponent already knows the confidential information contained therein or if the provisions of Paragraph 2 are complied with. Deponents shall not retain or copy portions of the transcript of their depositions that contain confidential information not provided by them or the entities they represent unless they sign the form prescribed in Paragraph 2. A deponent who is not a party or a representative of a party shall be furnished a copy of this Order before being examined about, or asked to produce, potentially confidential documents.

B.    Parties (and deponents) may, within thirty (30) days after receiving a deposition, designate pages of the transcript (and exhibits thereto) as confidential. Confidential information within the deposition transcript may be designated by underlining the portions of the pages that are confidential and marking such pages with the following legend: "Confidential – Subject to Protection Pursuant to Court Order." Under expiration of the thirty-day period, the entire deposition will be read as subject to protection against disclosure under this Order. If no party or deponent timely designates confidential information in a deposition, then none of the transcript or its exhibits will be treated as confidential; if a timely designation is made, the confidential portions and exhibits shall be filed under seal separate from the portions and exhibits not so marked.

5.    **Confidential Information at Trial**. Subject to Georgia laws of evidence, stamped confidential documents and other confidential information may be offered in evidence at trial or any court hearing. Any party may move the Court for an order that the evidence be received *in camera* or under other conditions to prevent unnecessary disclosure. The Court will then determine whether the proffered evidence should continue to be treated as confidential information and, if so, what protection, if any, may be afforded to such information at the trial.

6.    **Subpoena by Other Courts or Agencies**. If another court or an administrative agency subpoenas or orders production of stamped confidential documents that a party has obtained under the terms of this Order, such party shall promptly notify

the party or other person who designated the document as confidential of the pendency of such subpoena or order.

7.    **Filing**. Stamped confidential documents need not be filed with the clerk except when required in connection with motions under O.C.G.A. §9-11-12 or §9-11-56 or other matters pending before the Court. If filed, they shall be filed under seal and shall remain sealed while in the office of the clerk so long as they retain their status as stamped confidential documents.

8.    **Client Communication**. Nothing in this Order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course thereof, relying generally on examination of stamped confidential documents; provided, however, that in rendering such advice and otherwise communicating with such clients, counsel shall not make specific disclosure of any item so designated except pursuant to the procedures of paragraphs 2(b) and (c).

9.    **Prohibited Copying**. If a document contains information so sensitive that it should not be copied by anyone, it shall bear the additional legend "Copying Prohibited." Application for relief from this restriction against copying may be made to the Court, with notice to counsel so designating the document.

10.   **Use**. Persons obtaining access to stamped confidential documents under this Order shall use the information only for preparation and trial of litigation involving Wal-Mart, Inc., Wal-Mart Stores, Inc. and/or Wal-Mart Stores East, LP (including appeals and retrials), and shall not use such information for any other purpose, including business, governmental, commercial, administrative, or judicial proceedings.

11.     **Modification Permitted**. Nothing in this Order shall prevent any party or other person from seeking modification of this Order or from objecting to discovery that it believes to be otherwise improper.

12.     **Responsibility of Attorneys**. The attorneys of record are responsible for employing reasonable measures, consistent with this Order, to control duplication of, access to, and distribution of copies of stamped confidential documents. Parties shall not duplicate any stamped confidential document except working copies and for filing in court under seal.

     A.     Review of the confidential documents and information by counsel, experts, or consultants for the litigants in the litigation shall not waive the confidentiality of the documents or objections to production.

     B.     The inadvertent, unintentional, or *in camera* disclosure of confidential document and information shall not, under any circumstances, be deemed a waiver, in whole or in part, of any party's claims of confidentiality.

13.     Within 90 days of the date of termination of this Action through settlement or the issuance of a final non-appealable order, each party and non-party shall, unless otherwise agreed, assemble all documents that disclose Confidential Information in its possession, custody, or control, including copies, and send it to the producing party.

14.     The provisions of this Confidentiality Order shall not terminate with the disposition of this action, but shall continue in effect until further order of the Court.

15.     Nothing contained in this Order and no action taken pursuant to it shall prejudice

the right of any party to contest the alleged relevancy, admissibility, discoverability of the confidential documents and information sought.

**SO ORDERED,** this ___7___ day of ___December___,2018.

_____
Hon. Roger B. Lane,
Judge, Superior Court of Camden County

**CONSENTED TO BY:**

**FARAH & FARAH, P.A.**

*By mut w/ E.P.*

~~BRADLEY ROBINSON~~

BRADLEY S. ROBINSON
Georgia Bar No. 769787
*Attorney for Plaintiff*

7 East Congress Street, Suite 605
Savannah, Georgia 31401
brobinson@farahandfarah.com

**DREW, ECKL & FARNHAM, LLP**

JEFFREY S. WARD
Georgia Bar No. 737277
M. WAITE THOMAS
Georgia Bar No. 617667
*Attorneys for Defendant*

777 Gloucester Street
Suite 305
Brunswick, Georgia 31520
(912) 280-9662
jward@deflaw.com
wthomas@deflaw.com